## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

FLOYD M. JONES,                          :
                                         :
             Plaintiff,                  :        Civ. No. 13-5734 (RBK) (JS)
                                         :
       v.                                :        **OPINION**
                                         :
WARDEN LAWRENCE ARTIS, et al.            :
                                         :
             Defendants.                 :
_____ :

**ROBERT B. KUGLER, U.S.D.J.**

### I.      INTRODUCTION

Plaintiff is a pretrial detainee at the Burlington County Correctional Facility in Mt. Holly, New Jersey.  He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Plaintiff's application to proceed *in forma pauperis* will be granted based on the information provided therein.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit.  For the reasons set forth below, the complaint will be permitted to proceed in part.

### II.      BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening. Plaintiff names the following defendants:  (1) Warden Lawrence Artis; (2) Board of Chosen

Freeholders of Burlington County; (3) Sergeant Thompson; (4) Lieutenant Hall; and (5) Captain Larkins.[1]

Plaintiff states that he has been placed on a special low sodium diet due to his high blood pressure.  Nevertheless, he claims that during his time at the Burlington County Jail that he has been forced to eat meals high in sodium.  As a result, he claims that his blood pressure is always high and uncontrollable.  Plaintiff also complains that he is also forced to eat cold food because the trays used to hold the food are not meant to hold heat.

Plaintiff states that he has raised the issues of his meals with defendants Thompson, Hall, Larkins and Artis on several occasions to no avail.  He claims that defendants Hall, Larkins and Artis have told him that they will look into the problem, yet the problems with the food still remain.  Furthermore, with respect to Artis, plaintiff claims that he knew of the conditions as plaintiff personally spoke to him and that Artis did not do anything to change anything with respect to plaintiff's food issues.

As a result of the issues with his food as described above, plaintiff alleges that it has put him at risk of a stroke or heart attack in the future.  He seeks $10,000 in money damages.

### III.    STANDARD OF REVIEW

A.  Standard for *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a

---

[1] While plaintiff does not name defendants Thompson, Hall or Larkins in the caption of his complaint, the Court has liberally construed plaintiff's complaint as also attempting to raise claims against them as they are included within the body of the complaint as well as named in plaintiff's prison grievance that he attached to his complaint.  Therefore, the Clerk will be ordered to add these three defendants to the caption.

claim with respect to prison conditions, *see* 42 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim[2], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

B. <u>Section 1983 Actions</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper
> proceeding for redress, except that in any action brought against a
> judicial officer for an act or omission taken in such officer's
> judicial capacity, injunctive relief shall not be granted unless a
> declaratory decree was violated or declaratory relief was
> unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV.    DISCUSSION

### A.    Board of Chosen Freeholders of Burlington County

Plaintiff names the Board of Chosen Freeholders of Burlington County as defendants in the caption of his complaint. However, besides this, they are not mentioned within any of the factual allegations within the complaint. Thus, plaintiff may be attempting to raise claims against the Freeholders based on a theory of *respondeat superior*. However, section 1983 does not support a claim based on *respondeat superior*. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Instead, a plaintiff must allege that a supervisor had a personal involvement in the alleged wrongs. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also In re Bayside Prison Litig.*, Civ. No. 97-5127, 2007 WL 327519, at *5 (D.N.J. Jan. 30, 2007). Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. *See Rode*, 845 F.2d at 1207; *see also Baker v. Monroe Tp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995); *Jackson*

*v. Camden Cnty. Corr. Facility*, Civ. No. 12-7538, 2013 WL 1844636, at *3 n.1 (D.N.J. Apr. 29, 2013).  Plaintiff fails to state the personal involvement of Freeholders in this case.  Therefore, he fails to state a § 1983 claim against the Freeholders upon which relief can be granted.  Thus, the claims against them will be dismissed without prejudice.

   B. Artis, Thompson, Hall & Larkins

      Unlike plaintiff's allegations (or lack thereof) against the Freeholders, the complaint does allege the personal involvement of defendants Artis, Thompson, Hall & Larkins.  Indeed, the complaint states that plaintiff informed all of these defendants about the problems he was having with his meals on numerous occasions, but nothing was done about it.  As noted in *supra* Part II, plaintiff makes two distinct complaints about his meals; specifically their (1) temperature; and (2) high sodium.  Each of these issues with respect to plaintiff's meals is considered in turn.

   i.   *Cold Meals*

      At the outset, it is worth noting that plaintiff alleges in the complaint that he is a pretrial detainee.  Thus, as a pretrial detainee, the Fourteenth Amendment would apply to his claims as it prohibits the punishment of plaintiff without due process of law.  *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  The Fourteenth Amendment standard of unconstitutional punishment contains both a subjective and an objective component; specifically:

> Unconstitutional punishment typically includes both objective and subjective components. As the Supreme Court explained in *Wilson v. Seiter*, 501 U.S. 294, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991), the objective component requires inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]"  *Id.* at 298, 111 S. Ct. 2321.

*Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007).  Thus, with respect to a prison food claim, a pretrial detainee's "diet must provide adequate nutrition, but corrections officials may not be

held liable unless the inmate shows both an objective component (that the deprivation was sufficiently serious) and a subjective component (that the officials acted with a sufficiently culpable state of mind)." *Duran v. Merline*, 923 F. Supp. 2d 702, 719-20 (D.N.J. 2013) (citing *Stevenson*, 495 F.3d at 68 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)); *Mays v. Springborn*, 575 F.3d 643, 648 (7th Cir. 2009)).

Plaintiff's complaint that he has been served cold food does not satisfy the objective component to state a Fourteenth Amendment claim. Indeed, "[t]here is no constitutional right to hot meals." *Laufgas v. Speziale*, 263 F. App'x 192, 198 (3d Cir. 2008) (per curiam) (citing *Brown-El v. Delo*, 969 F.2d 644, 648 (8th Cir. 1992)); *see also Duran*, 923 F. Supp. 2d at 720 ("[T]he mere fact that [food] is unvaried or cold does not give rise to a constitutional violation.") (citations omitted); *Aborrezco v. Cape May Cnty. Jail*, No. 10-0526, 2010 WL 2730892, at *5 (D.N.J. July 8, 2010) ("[C]old food does not rise to the level of a constitutional violation.") (citations omitted). Thus, to the extent that plaintiff's claim against the individual defendants relies on the alleged fact that his food is served cold in and of itself does not state a constitutional violation. Therefore, this claim will be dismissed with prejudice for failure to state a claim upon which relief can be granted as any potential amendment would be futile.

ii.     *Salty Food*

Plaintiff also complains that he has been receiving meals high in sodium which contradicts the planned low sodium diet he is supposed to receive. Plaintiff states that he has high blood pressure and as a result he is listed as having a low sodium diet. Nevertheless, he claims that he has been given food to eat while in prison that has been very high in sodium. Furthermore, unlike the Freeholders, plaintiff has alleged that defendants Artis, Thompson, Hall

and Larkins are personally involved in the deprivation of his rights as he put them on notice about the problems with his food, yet nothing was done to correct the problem.

The issue then becomes whether the complaint has properly alleged both the subjective (deliberate indifference) and objective (serious medical need) components to state a claim against these defendants. The subjective component, or deliberate indifference on the part of the prison official can be shown where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citations omitted). "This can include deprivation of medically appropriate meals." *Walker v. Hensley*, No. 08-0685, 2009 WL 5064357, at *10 (E.D. Pa. Dec. 23, 2009) (citing *Robles v. Coughlin*, 725 F.2d 12, 16 (2d Cir. 1983); *Laufgas v. Speziale*, No. 04-1697, 2006 WL 2528009 (D.N.J. Aug. 31, 2006)). A medical need is serious "if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (citations omitted).

In this case, the Court will permit plaintiff's claim against defendants Artis, Thompson, Hall and Larkins to proceed past screening as it relates to the diet he received as a pretrial detainee. Plaintiff states in the complaint that his meals are specially listed to be low sodium due to his high blood pressure. Plaintiff even alleges that the medical department has complained about the high sodium foods being served plaintiff. Furthermore, even after complaining to defendants Artis, Thompson, Hall and Larkins, nothing was purportedly done by them to correct the high sodium meals that plaintiff was receiving. As a result of eating these high sodium

meals, plaintiff alleges that his blood pressure is always high and uncontrollable. Indeed, plaintiff alleges in the complaint that this is an ongoing problem despite the defendants being put on notice about the insufficient diet he is receiving. Accordingly, based on these allegations, plaintiff has stated a claim as the objective and subjective components of stating a Fourteenth Amendment claim have been satisfied. *Accord Walker*, 2009 WL 5064357, at *10 (finding that plaintiff stated a claim against prison officials when they deprived a diabetic prisoner meals following two insulin shots as it constituted a serious deprivation and the defendants knew of the substantial risk of harm in depriving plaintiff food under those circumstances); *Laufgas*, 2006 WL 2528009, at *4-5 (finding that plaintiff stated a claim that defendants deprived him of a special diet to treat his hypertension).

## V.    CONCLUSION

For the foregoing reasons, the claims against defendant the Board of Chosen Freeholders of Burlington County New Jersey shall be dismissed without prejudice for failure to state a claim upon which relief can be granted. Plaintiff's claim against defendants Artis, Thompson, Hall and Larkins that they were deliberate indifferent when he has been served cold food will be dismissed with prejudice for failure to state a claim upon which relief can be granted. Plaintiff's claim against defendants Artis, Thompson, Hall and Larkins that they were deliberately indifferent when he has been served foods high in sodium will be permitted to proceed. An appropriate Order will be entered.


DATED:  August 1, 2014

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

9