**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

| | | |
|---|---|---|
| FLOYD M. JONES, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 13-5734 (RBK) (KMW) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| LAWRENCE ARTIS, et al., | : | |
| | : | |
| Defendants. | : | |

_____ :

**ROBERT B. KUGLER, U.S.D.J.**

**I.  INTRODUCTION**

Plaintiff is proceeding pro se with a civil rights complaint filed pursuant to 42 U.S.C. §
1983. On April 4, 2014, the Court screened the complaint pursuant to 28 U.S.C. § 1915A and
permitted the complaint to proceed in part. Presently before the Court is Warden Artis, Sergeant
Thompson, Lieutenant Hall, and Captain Larkins (hereinafter the "Defendants") motion for
summary judgment. For the following reasons, the motion for summary judgment will be denied.

**II.  LEGAL STANDARD ON MOTION FOR SUMMARY JUDGMENT**

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted
"if the movant shows that there is no genuine dispute as to any material fact and the movant is
entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Tolan v. Cotton*, 134 S.
Ct. 1861, 1866 (2014); *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000). In
deciding a motion for summary judgment, a court must construe all facts and inferences in the
light most favorable to the nonmoving party. *See Cotton*, 134 S. Ct. at 1863. The moving party
bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp.
v. Catrett*, 477 U.S. 317, 322-23 (1986). "[W]ith respect to an issue on which the nonmoving

party bears the burden of proof  . . . the burden on the moving party may be discharged by

'showing' – that is, pointing out to the district court – that there is an absence of evidence to

support the nonmoving party's case." *Id.* at 325.

If the moving party meets its threshold burden, the opposing party must present actual

evidence that creates a genuine issue as to a material fact for trial. *See Anderson*, 477 U.S. at

248; *see also* FED. R. CIV. P. 56(c) (setting forth types of evidence on which nonmoving party

must rely to support its assertion that genuine issues of material fact exist). "[U]nsupported

allegations . . .  and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid.*

*Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990); *see also Scheidemantle v. Slippery Rock*

*Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006) ("To prevail on a motion for

summary judgment, the nonmoving party needs to show specific facts such that a reasonable jury

could find in that party's favor, thereby establishing a genuine issue of fact for trial.")

## III.  BACKGROUND

As the Court noted in its screening opinion, this case centers on Plaintiff's allegations

that Artis, Hall, Larkins, and Thompson, who are officials at the Burlington County Jail, knew

that Plaintiff needed a special diet, that he was not receiving said special diet, and that they did

nothing about this fact. Plaintiff's allegations gave rise to an Eight Amendment deliberate

indifference claim against all four Defendants. *See* ECF No. 2.

In support of their motion for summary judgment, Defendants rely on two cases from the

Third Circuit for the proposition that non-medical personnel cannot be held liable for deliberate

indifference when medical personnel are either mistreating or not treating a prisoner. *See Spruill*

*v. Gillis*, 372 F.3d 218 (3d Cir. 2004); *Durmer v. O'Carroll*, 991 F.2d 64 (3d Cir. 1993).

Defendants submit, through counsel, internal paperwork from Plaintiff's initial intake that shows

Plaintiff's high blood pressure and special diet are documented by the prison. *See* ECF No. 14-4. Defendants also submit food service provider Aramark's "Medical Diet Order" and the prison's detailed diet sheets, both showing that Plaintiff was ordered to receive a low sodium diet and what his diet was meant to consist of. *See* ECF Nos. 14-5, 14-6. Defendants also submit documentation showing that the prison medical staff checked and maintained Plaintiff's blood pressure regularly, and that Plaintiff's blood pressure problem and diet needs were documented in numerous places. *See* ECF Nos. 14-7, 14-8, 14-9. Defendants also submit, in support of their motion for summary judgment, a certification of Mildred Scholtz, Captain of the Burlington County Department of Corrections. *See* ECF No. 14-2 ¶ 1.

Captain Scholtz certifies to the Court that Plaintiff is listed as being on a low sodium diet, *id.* ¶ 7, that Aramark is in charge of the food service for the prison, *id.* ¶ 8, and that the prison nurse consistently marks that Plaintiff is to be on a low sodium diet, *id.* ¶ 12. Captain Scholtz also alleges that Plaintiff's official grievance was "not received by [the] Administration." *Id.* ¶ 11. Indeed, Defendants appear to be arguing that, because all of the necessary paperwork is in order, Plaintiff's claims must be frivolous.

Plaintiff opposes the motion for summary judgment. In his response, Plaintiff argues that Defendants cannot simply "remove themselves" from the situation by relying on *Spruill* and *Durmer*. ECF No. 16 at 2. Plaintiff also alleges that he put Defendants on notice, both verbally and through a written grievance, and nothing was ever done about his problem. ECF No. 1 at 6. In his Response in Opposition to Defendants' motion for summary judgement, Plaintiff points out that there are no Aramark employees on-site at mealtime to whom to complain, just prison officials. ECF No. 16 at 2. Therefore, Plaintiff writes, even if he were supposed to file a complaint with Aramark, such action was impossible. *See id.* at 3.

## IV.  DISCUSSION

Plaintiff's deliberate indifference claim against Defendants proceeded past screening. Defendants make only two arguments in support of their motion for summary judgment. Defendants first argue that they cannot be held responsible as a matter of law because they are non-medical personnel and Plaintiff was under the care of the prison's doctors. Alternatively, Defendants argue that the record contains no evidence that they were deliberately indifferent to Plaintiff's receipt of his medically prescribed meals. The Court will address each argument in turn.

(1) *Non-Medical Personnel*

Defendants first argue that they cannot be sued for deliberate indifference as a matter of law because they are non-medical personnel and Plaintiff was under the care of prison doctors at all times relevant to his complaint. *See* ECF No. 14-1. In support of this position, Defendants rely on two cases from the Third Circuit – *Spruill v. Gillis*, 372 F.3d 218 (3d Cir. 2004) and *Durmer v. O'Carroll*, 991 F.2d 64 (3d Cir. 1993). However, neither case fits the present facts.

First, Defendants cite to *Spruill* for the proposition that non-medical personnel cannot be held liable for deliberate indifference if the prisoner is under a doctor's care. *See* 372 F.3d at 236 ("absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with deliberate indifference."). In *Spruill*, the plaintiff fell and suffered severe injuries at the prison wherein he was incarcerated, and the prison doctor refused to see or treat the plaintiff in any way. *See id*. at 224-225. The Court then held that the plaintiff could not sue both the medical personnel and the prison officials for the actions of the medical personnel. *See id*. In this case, by contrast, Plaintiff is suing only the prison officials for failing to implement a medically prescribed special diet. This is an issue of implementation, not diagnosis or mistreatment.

It is also worth noting in analyzing Defendants' motion for summary judgment that prison officials are not liable for deliberate indifference when they are not involved beyond "reviewing [a] grievance and deferring to the judgment of medical personnel." *See Davis v. Brown*, 556 F. App'x 87, 90 (3d Cir. 2014) (per curiam) (adopting the reasoning in *Spruill*). In this case, however, the medical personnel's judgement is not disputed – to wit, Defendants' own exhibits make clear that medical personnel want Plaintiff on a low-sodium diet. It is also clear that the prison officials *are* directly involved. Indeed, "[w]hether an inmate has a legitimate, medically prescribed diet is a question wholly within the province of the prison administration." *Laufgas v. Speziale*, No. 04-1697, 2006 WL 2528009, at *5 (D.N.J. Aug. 31, 2006); *see also Hughes v. Balicki*, No. 07-4554, 2008 WL 2835257, at *2 (D.N.J. July 18, 2008) (finding deliberate indifference where medically necessary diet was not delivered and prison officials had actual knowledge); *Gerber v. Sweeney*, No.  02-241, 2003 WL 1090187, at *2 (E.D. Pa. Mar. 7, 2003) (holding an allegation of actual knowledge that an inmate was not receiving his medically-prescribed diet gave rise to a cognizable deliberate indifference claim against prison officials). It is also clear that the paperwork regarding the low-sodium diet is proper, and Plaintiff is scheduled to receive the low-sodium diet. ECF Nos. 14-5, 14-6. What is not clear, however, is whether Plaintiff is *actually* receiving the special diet he requires.

The second case relied upon by Defendants, *Durmer*, is similarly inapposite. In *Durmer*, the plaintiff suffered a stroke and was allegedly mistreated by the prison doctors during his period of incarceration. *See* 991 F.2d at 66. *Durmer*'s holding that non-medical actors cannot be considered deliberately indifferent "simply because they failed to respond directly to the medical complaints of a prisoner who is already being treated by the prison doctor," does not fit the facts here. *Id*. at 69. Again, the facts here do not involve either lack of treatment or mistreatment by

medical personnel. Rather, in this case, the issue as presented is a lack of *implementation* by prison officials after the medical personnel issued a prescribed course of action. Plaintiff's complaint simply cannot be remedied by the medical staff, as it is within the purview of the administration to make sure medically necessary diets are delivered to inmates when they are prescribed by medical personnel. *See Laufgas*, 2006 WL 2528009, at *5 (There is a cognizable claim under § 1983 when "prison officials [are] aware of the detainee's need for … a special diet."); *see also Walker v. Hensley*, No. 08-0685, 2009 WL 5064357, at *10 (E.D. Pa. Dec. 23, 2009) (finding that deliberate indifference is demonstrated when prison authorities prevent an inmate from receiving recommended treatment for serious medical needs, including "deprivation of medically appropriate meals").

Lastly, Defendants make the argument that it is ultimately the food service provider, Aramark, and not Defendants, who is responsible for the medically prescribed meals making their way to inmates. *See* ECF No. 14-1. In his Response, Plaintiff points out that, even if he were required to file a complaint with Aramark, no Aramark employee or agent is on-site at mealtime, only prison officials. ECF No. 16 at 2. Defendants' argument is without merit because, as this Court made known in the screening opinion, it is within the purview of the prison administration to make sure medically necessary meals are delivered to inmates as prescribed. *See* ECF No. 2 at 7-8; *see also Laufgas*, 2006 WL 2528009, at *5; *Hughes*, 2008 WL 2835257, at *2; *Gerber*, 2003 WL 1090187, at *2.

For the reasons set forth above, Defendants' first argument necessarily fails.

(2) *Deliberate Indifference*

Defendants next argue that there is no evidence in the record that they were deliberately indifferent to Plaintiff's receipt of his medically prescribed meals. Deliberate indifference exists

when a prison official "…prevents a prisoner from receiving needed or recommended medical treatment. *See Rouse v. Plainter*, 182 F.3d 192, 197 (3d Cir. 1999); *see also Walker*, 2009 WL 5064357, at *10. Defendants are essentially arguing that (1) if Defendants can be held legally responsible, and (2) if Plaintiff was not receiving his medically prescribed meals, then (3) Defendants were unaware that Plaintiff was not receiving his medically prescribed meals. *See* ECF No. 14-1 at 5-6. To wit, Defendants write that "there is no evidence contained in the record that these Defendants . . . were deliberately indifferent to the receipt . . . of [Plaintiff's] medically prescribed meals." *Id*. Defendants' assertions belie the evidence contained in the record.

In Plaintiff's initial complaint, he writes that the "medical department at the jail . . . have [sic] complained to staff members . . . about my problem." ECF No. 1 at 5. Plaintiff also alleges that he personally informed Sergeant Thompson, Lieutenant Hall, and Captain Larkins of the problem "on numerous occasions," and kept getting the same response of "I'll look into it." *Id*. at 8. Plaintiff then alleges that he spoke to Warden Artis about the problem and that Warden Artis, in response, "acknowledged that Aramark is not doing" its job but took no action. *Id*. Defendants do not address these claims directly, but merely assert that there is no evidence in the record to support them. However, Plaintiff also submitted a copy of his formal grievance, *id*. at 6, which clearly identifies the problem. Also, Plaintiff states that he never received a response. Captain Mildred Scholtz, in her certification, responds that Plaintiff's "written grievance . . . was not received by the Administration." ECF No. 14-2 ¶ 11. This creates an issue of material fact. *Womack v. Smith*, 310 F. App'x 547, 551 (3d Cir. 2009) ("Because the prison officials' subjective state of mind [is critical] in the Eighth Amendment analysis, we must conclude that the district court erred in granting summary judgment on a record that was limited to only written

discovery."); *see also Troy D. v. Mickens*, 806 F. Supp. 2d 758, 773 (D.N.J. August 25, 2011) (noting that knowledge of prison officials is key in deliberate indifference analysis).

By asserting that no evidence exists to support Plaintiff's contentions, Defendants not only ignore Plaintiff's written grievance but misapply the standard for summary judgment. In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Cotton*, 134 S. Ct. at 1863.  Indeed, in a motion for summary judgment, the moving party bears the burden of establishing that no genuine issue of material fact exists.  *See Celotex*, 477 U.S. at 322-23 (1986). Here, Defendants failed to meet this burden. Whether or not Defendants had knowledge of, and subsequently ignored, Plaintiff's serious medical need is an issue of material fact that cannot be decided on the record. *See Troy D.*, 806 F. Supp. 2d at 773; *see also Christian v. Orr*, 512 F. App'x. 242, 245 (3d Cir. 2013) (noting that whether or not actual knowledge exists is a "genuine dispute of material fact" in § 1983 actions).

Defendants are not absolved from responsibility as matter of law and they failed to meet their burden under FED. R. CIV. P. 56(a). Therefore their motion for summary judgment will be denied.

## V.  CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment will be denied. An appropriate order will be entered.


DATED:  June 8, 2015

Kugler————————————————————

                                        s/Robert B.

                                        ————ROBERT B. KUGLER
                                        ————United States District Judge